UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| COMMONWEALTH OF KENTUCKY | ) | |
| *ex rel.* J. Michael Brown, Secretary, | ) | |
| JUSTICE AND PUBLIC SAFETY | ) | |
| CABINET, | ) | |
| | ) | Civil No: 14-27-GFVT |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| V. | ) | **&** |
| | ) | **ORDER** |
| POCKET KINGS, LTD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Commonwealth of Kentucky originally brought this action in State Court against various companies who run, or did run, internet-based gambling websites inside the Commonwealth.  Having already, in a wholly unrelated action, seized the internet domains used by these companies, the Commonwealth now seeks to recover gambling losses pursuant to KRS 372.040, an old statute designed to provide compensation for gambling losses.

Now, the Commonwealth wants the case remanded to Franklin Circuit Court.  [R. 7.]  It argues that the removal is "absurd" and nothing more than a delay tactic aimed at avoiding an inevitable judgment in State Court.  Not at all, say the Defendants, contending that diversity of citizenship exists because J. Michael Brown, in his individual capacity, as opposed to the Commonwealth of Kentucky, is the real party in interest.  For the reasons explained herein, the case will be **REMANDED**.

# I

On April 10, 2014, Defendant Oldford Group, Ltd. removed this action from Franklin Circuit Court to Federal Court.  [R. 1.]  Their notice of removal contained the following statement pertaining to diversity jurisdiction:

> The Secretary, acting through his private attorneys, is (and was at all relevant times hereto) a citizen of the Commonwealth of Kentucky. The Commonwealth of Kentucky, itself, is not a real party in interest in this case, but rather a nominal party in this action, as the Secretary and his Cabinet acted autonomously in bringing this action through hired contingency lawyers without the authority of the state Attorney General. *See* **Ex. 1**, TAC at ¶ 2 (purporting to bring action on behalf of Kentucky citizens). As such, the Secretary, acting through his private lawyers, is a citizen of the Commonwealth of Kentucky for diversity jurisdiction purposes.

[R. 1 at 4-5.]  On April 16, the Commonwealth of Kentucky, *ex rel*. J. Michael Brown, Secretary, Justice and Public Safety Cabinet, moved to remand.  [R. 7.]  This motion has been fully briefed [R. 18, 23, 30, 31] and the Court heard arguments on the motion [R. 26].  Oldford has since moved the Court to strike the Commonwealth's final Sur-Reply or, in the alternative, to be granted leave to file an additional Response.  [R. 32.]  The Court considers all the filings before it and needs no additional briefing.

The pending motion to remand hinges on one issue: whether the Commonwealth of Kentucky or Secretary J. Michael Brown, in his personal capacity, is the real party in interest to this suit.  If the Commonwealth is the real party in interest then the Court has no jurisdiction, and the case must be remanded because "[t]he Commonwealth, as a state, is not a citizen for the purposes of diversity jurisdiction under 28 U.S.C. § 1332." *Espinosa v. Louisville Metro Gov't*, 2011 WL 588468, at *1 (E.D. Ky. Feb. 10, 2011) (*citing Moor v. Alameda County,* 411 U.S. 693, 716 (1973)).  If, however, Secretary Brown is the real-party-in-interest, and the Commonwealth is only a nominal party, then

this Court would potentially have diversity jurisdiction.[1]  Defendants argue that Secretary Brown must be the real party in interest because, as they see it, Kentucky's gambling loss statute only permits individual citizens to sue.  The Commonwealth ardently disagrees.

## II

### A

A defendant may remove a civil action to federal court only if the action is one over which the federal court could have exercised original jurisdiction.  *See* 28 U.S.C. §§ 1441, 1446.  This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" parties who are "citizens of different states."[2]  *See* 28 U.S.C. § 1332(a)(1).  Importantly, "a State is not a 'citizen' for purposes of the diversity jurisdiction."  *Moor,* 411 U.S. at 716; *see also Espinosa ,* 2011 WL 588468 at, *1 ("The Commonwealth, as a state, is not a citizen for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.")

When removal is based on diversity, "'[a] defendant desiring to remove a case has the burden of proving the diversity requirements' by a preponderance of the evidence."  *Everett v. Verizon Wireless, Inc.,* 460 F.3d 818, 829 (6th Cir. 2006) (quotation omitted); *see also Fenger v. Idexx Laboratories,* 194 F.Supp.2d 601, 602 (E.D.Ky. 2002) (citations omitted).  Finally, because Federal Courts are courts of limited jurisdiction, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state

---

[1]  The Court says "potentially" because the Commonwealth argues that even if the Court found that Secretary Brown was the real party in interest, the Defendants would still have additional hurdles to clear before jurisdiction could be established.  Specifically, they contend that removal would still be improper because there would not be complete diversity and also because several defendants did not join in or consent to the removal.  [R. 23 at 5-10.]

[2]  Whether the amount in controversy requirement has been satisfied is not in dispute.

court. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–109 (1941); *Cole v. Great Atlantic & Pacific Tea Co.,* 728 F.Supp. 1305, 1307 (E.D.Ky. 1990) (citations omitted).

**B**

It has long been the rule that the parties "upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980) (citations omitted).  This command mandates that "federal court[s] must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Id*. (citations omitted).

"When a state official is a party to a proceeding over which diversity jurisdiction is alleged, whether the respective state is itself the real party in interest is a question to be determined from the essential nature and effect of the proceeding." *Com. ex rel. Stumbo v. Marathon Petroleum Co., LLC*, 2007 WL 2900461, at *1 (E.D. Ky. Oct. 3, 2007) (quoting *Nuclear Engineering Co. v. Scott,* 660 F.2d 241, 250 (7th Cir.1981) (citation and quotations omitted)).  To this end, the Court has an obligation to look beyond the pleadings to determine who is the real-party-in-interest.  *See Grant Cnty. Deposit Bank v. McCampbell*, 194 F.2d 469, 471 (6th Cir. 1952) ("It is the duty of the Court to look beyond the pleadings and arrange the parties according to their real interests in the suit.")

As a preliminary matter, the Commonwealth argues that the pleadings and case captions demonstrate that the Commonwealth is, in fact, the real-party-in-interest.  In a *Writ of Prohibition* that state-court defendants REEL, Stelekram, and PYR filed with the Kentucky Court of Appeals, the following caption was used:

> **The Commonwealth of Kentucky, *ex rel.* J. Michael Brown, Secretary of the Justice and Public Safety Cabinet is the**

**plaintiff in such lawsuit and is the real party in interest herein**;

[R. 7-4, *Rational Entertainment Enterprises LTD, et al. v. Wingate, et al.*, No. 2013-CA-001125-OA, Petition For Writ of Prohibition.] Later, in an order denying the above petition, the Kentucky Court of Appeals wrote:

> **Real Party in Interest, Commonwealth of Kentucky**, ex rel. J. Michael Brown, Secretary of the Justice and Public Safety Cabinet, filed a complaint against [the various defendants] … seeking to recover gambling losses pursuant to Kentucky Revised Statute (KRS Chapter 372 in Franklin Circuit Court.

[R. 7-5, Order Denying Petition For Writ of Prohibition.]  The Commonwealth asserts that the above usages should be construed as admissions and serve as evidence that the Defendants themselves acknowledge that the Commonwealth is the real-party-in-interest. As this Court noted in the hearing, the above captions are stylistic rather than substantive. These past uses do not influence the Court's decision making.

Before the Court can answer the question of whether the Commonwealth is in fact the real-party-in-interest, the Court must first establish what the proper test is for making that decision.  This difficult question is one to which the parties do not agree.  Four separate approaches have been discussed throughout the course of briefing.

## 1

In *Ohio v. GMAC Mortgage, LLC*, the State of Ohio and the Ohio Attorney General sued GMAC, seeking recompense for injured, individual Ohio homeowners.  760 F. Supp. 2d 741 (N.D. Ohio 2011).  The Court, another district court in this Circuit, was confronted with the question of who was the real-party-in-interest:  the individual citizens of Ohio or the State of Ohio in conjunction with the Attorney General.  As that Court put it, the question was "simple-to-ask, yet difficult-to-answer."  *Id*. at 744.  In answering

5

that difficult question, the Court provided useful commentary on how district courts commonly confront the question of whether a state or an identifiable group of individuals is the real-party-in-interest.  Factors commonly considered are whether:

> (1) state law requires that the action be brought in the name of the state; (2) the action will be a benefit or a detriment to the state treasury; (3) the state department bringing the suit is performing a governmental or proprietary function; (4) the state department is separately incorporated; (5) the state department has autonomy, and to what extent, over its operations; (6) the state department has the power to sue and be sued and to enter into contracts; (7) the state department is immune from state taxation; (8) the state has immunized itself from responsibility for the department's operations; and (9) the relief sought will inure to the state alone, or the judgment will effectively operate in favor of the state. *State ex rel. Guste v. Fedders Corp.,* 524 F.Supp. 552, 557 (D.C.La.1981) (citing *DeLong Corp. v. Oregon State Highway Comm'n,* 233 F.Supp. 7 (D.Or.1964); *Krisel v. Duran,* 258 F.Supp. 845 (S.D.N.Y.1966)).

*Id*. at 745.  The Court explained that amidst a "great conflict" over which factors deserve the most attention, two different approaches have developed.  *Id*.  Both are aimed at determining the essential nature and effect of the proceeding.  *Id*.

Under the first approach, courts look to the complaint as a whole.  This was done in *Com. ex rel. Stumbo v. Marathon Petroleum Co., LLC*, 2007 WL 2900461 (E.D. Ky. Oct. 3, 2007), where the Kentucky Attorney General sued *Marathon Petroleum* for violations of the Kentucky Consumer Protection Act and an Anti-Price Gouging Act. *Marathon* argued that the Attorney General was not suing on behalf of the Commonwealth but, instead, on behalf of a discrete group of Kentucky citizens.  *Id*. at *1.  As in the case at hand, the issue of which party was deemed the real-party-in-interest was significant because it controlled whether or not diversity jurisdiction existed.  After surveying the law, that Court noted that "where the state attorney general is the plaintiff, most courts follow this approach of looking at the complaint as a whole to determine

6

whether the state is the primary beneficiary of the action." *Id*. at *4 (quoting *Hood ex. rel. Mississippi v. Microsoft Corp.* 428 F.Supp.2d 537 (S.D.Miss. 2006)).

Viewing the complaint at a whole, the Court determined that the Commonwealth was the real-party-in-interest. *Id*. The court observed that the Attorney General was bringing the suit pursuant to a statute that authorized him to bring an action "in the name of" or "on behalf of" the Commonwealth, and that while a portion of the relief would benefit specific consumers, a substantial portion would benefit all Kentucky consumers. *Id*. at *5;  *see also Ohio ex rel. Dann v. Citibank (S. Dakota), N.A.*, No. 2:07 CV 1149, 2008 WL 1990363, at *1 (S.D. Ohio May 1, 2008) (Applying same test and concluding that the "State of Ohio has a substantial stake in this action and is the primary beneficiary of the relief requested."); *Wisconsin v. Abbott Labs.*, 341 F. Supp. 2d 1057, 1062-63 (W.D. Wis. 2004)  (Court concluded that Wisconsin had a "substantial stake" in the outcome of the case and was real-party in interest after "viewing the complaint as a whole.")

Under the second approach outlined in *GMAC*, courts look to each individual claim and consider whether the remedy sought benefits private citizens or the state:

> [T]his approach, in effect, asks the court to split the claims for relief initially into two groups: claims made for private entities or for the state. The court then determines who is the real-party-in-interest with respect to each group of claims, and then may choose to retain jurisdiction or remand the case to state court, depending on which group predominates. Alternatively, the court can sever those claims in which the state is the real party in interest, thus destroying diversity jurisdiction and remanding those claims to state court, while retaining jurisdiction on the claims in which the state is not the real-party-in-interest.

*GMAC Mortgage, LLC*, 760 F. Supp. 2d at 746.

The Commonwealth argues that neither of the aforementioned approaches are applicable.  They assert the case at hand is distinguishable from those discussed above

7

because the Commonwealth is the *only party* seeking relief whereas in the
aforementioned cases damages were being split between the Commonwealth and injured
citizens.  [R. 7-1 at 9.]  According to the Commonwealth, with no such injured citizens
being compensated, the analysis is clear:  "the state is such real party when the relief
sought is that which inures to it alone, and in its favor the judgment or decree, if for the
plaintiff, will effectively operate."  *Missouri, K. & T. Ry. Co. of Kansas v. Hickman*, 183
U.S. 53, 59 (1901).

> Such a case was *Ferguson* v. *Ross*, 3 L. R. A. 322, 38 Fed. 161. There an action
> was brought in the name of Ferguson, a shore inspector, against Ross and others,
> to recover a penalty. The statute of New York authorized the suit to be prosecuted
> in the name of the inspector, but all the moneys recovered were payable into the
> treasury of the state, and it was held by the circuit court for the eastern district of
> New York that the action was one in which the real party plaintiff was the state. It
> was for its sole benefit that the action was brought, and it alone was to be
> benefited by the recovery.

*Id.* at 59; *see also Geeslin v. Merriman*, 527 F.2d 452 (6th Cir. 1975) (discussing Sixth
Circuit's adoption of principles from *Missouri*).  In *Missouri,* the Supreme Court
concluded that the State of Missouri was not the real-party-in-interest because the action
was not brought to "recover any money for the state" and, if the state did win, "results
[would] not inure to the benefit of the state."  *Id.*  District Courts in this circuit have
applied this approach in situations very similar to the one presently before the Court.

In *W. Virginia ex rel. McGraw v. Minnesota Mining & Mfg. Co.*, 354 F. Supp. 2d
660, 663 (S.D.W. Va. 2005) ("*McGraw*"), the attorney general brought an action against
respirator and dust mask manufacturers, alleging that the state had incurred substantial
costs in caring for miners that were injured as a result of their products failures.  *Id.*  As
in the case before the Court, the Defendants in *McGraw* alleged that West Virginia's
attorney general lacked authority to bring the action in his official capacity and,

consequently, should have been deemed to be prosecuting the action in his individual capacity as a citizen of West Virginia. *Id*. at 664-665. The Court noted that "Defendants cite no authority holding that a state officer's *ultra vires* pursuit of recompense for the state somehow converts him into the real party in interest for diversity purposes." *Id*. After considering the rule from *Missouri* that a state is the real-party-in-interest when the relief inures to it alone, the Court noted that the attorney general sought hundreds of millions of dollars and that the monies, if collected, would be paid into the state treasury. *Id*. The Court concluded:

> The attorney general has no claim on these monies. Instead, he seeks, whether authorized or not, to recoup monies paid out by the state as a result of defendants' alleged misfeasance. Any monies recovered will promptly find their way to the state treasury. Inasmuch as the state is an undeniable, and substantial, stakeholder in this litigation, it, and not the attorney general, qualifies as a real party in interest.

*Id.* at 665. As has been noted by a different District Court in West Virginia, "cases dealing with a state as a plaintiff have continued to apply the test enunciated in *Missouri*, focusing on whether the state itself will benefit from any relief ultimately obtained and giving particular consideration to the litigation's effect on the state treasury." *State of W.Va. v. Morgan Stanley & Co. Inc.*, 747 F. Supp. 332 (S.D.W. Va. 1990) (collecting cases).

Finally, the fourth approach before the Court is the one endorsed by the Defendant, who argues that the real-party-in-interest is "the person who is entitled to enforce the right asserted under the governing substantive law." *Certain Interested Underwriters at Lloyd's v. Layne,* 26 F.3d 39, 43 (6th Cir. 1994). Unlike the many aforementioned cases, *Certain Interested Underwriters* had nothing to do with determining whether a state or some subsidiary group of citizens was the real party in

interest.  Instead, in *Certain Interested Underwriters* the plaintiff was a complex British insurance corporation.  *Id.* at 42.  The complicated question presented was whether agent-underwriters or syndicate-members of the corporation were the real-party-in-interest.

The Sixth Circuit began their analysis by looking to the Federal Rules of Civil Procedure, which provide that "[e]very action shall be prosecuted in the name of the real party in interest."  Fed.R.Civ.P. 17(a).[3]  The Court then explained that "the real party in interest [in accordance with Rule 17(a)] is the person who is entitled to enforce the right asserted under the governing substantive law" and the "analysis turns upon whether the substantive law creating the right being sued upon affords the party bringing the suit a substantive right to relief."  *Certain Interested Underwriters,* 26 F.3d at 43 (citations omitted).  This test is well accepted but has typically been applied in a context very different from the one presented in this case.  *See Monticello Banking Co. v. Everest Nat. Ins. Co.*, CIV. 13-17-GFVT, 2013 WL 5411102 (E.D. Ky. Sept. 26, 2013) (Insurance coverage action); *Kazee v. Rosenberg*, No. CIV.A. 10-55-ART, 2011 WL 720822, at *1 (E.D. Ky. Feb. 22, 2011) (Case involving breach of escrow agreement with no suggestion that state was a party);  *Mortenson Family Dental Ctr., Inc. v. Heartland Dental Care, Inc.*, 526 F. App'x 506, 508 (6th Cir. 2013) (Dispute between holding company and LLC over terms of operating agreement).  The test is not normally applied to determine whether a state is the real party in interest.  *But see State of Mo. ex rel. Webster v. Freedom Fin. Corp.*, 727 F. Supp. 1313, 1314 (W.D. Mo. 1989) (Missouri sued corporation and limited partnership under Merchandizing Purchase Act, and the Court

---

[3]      The Court in *Certain Interested Underwriters* noted that "Rule 17(a) is not jurisdictional and relates only to the proper parties and the capacity to sue" but that this rule "frequently overlaps with the jurisdictional rule that diversity jurisdiction depends on the citizenship of the real parties to the controversy, but 'the two rules serve different purposes and need not produce identical outcomes in all cases.'"  *Certain Interested Underwriters,* 26 F.3d at FN 1 (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, n. 9 (1980)).

looked to the substantive law in considering whether the state or injured citizens was real-party-in-interest.)

**2**

The parties believe that neither the first, "complaint as a whole," nor the second, "review claims independently," approach applies although each party provides the Court with a different disqualifying rationale. The Commonwealth asserts that because it "seeks money damages for itself and no relief for any other group or individual" those approaches do not apply. [R. 7-1 at 9.] The Defendants contend that neither apply because those cases arise only "in the context of a state official bringing an action on behalf of a state in his official capacity," whereas in this case it is their contention that the Secretary sues in his personal capacity. [R. 18 at 7.] The Court agrees. The circumstances presented in this case do not fit squarely within either of these frameworks.

The fourth approach, advocated for by the Defendants and articulated in *Certain Interested Underwriters,* is similarly ill-suited. To apply this approach here would, first, be inconsistent with how and when it has been applied in the past and, second, would inappropriately put substantive arguments about whether KRS 372.040 provides the Commonwealth with standing to sue before this Court when these arguments really should be made in a different context, and before the Kentucky courts.

Instead, because this case involves the Commonwealth of Kentucky as a Plaintiff, the appropriate guiding principle is the one advocated for by the Commonwealth and articulated by the Supreme Court in *Missouri, K. & T. Ry. Co. of Kansas v. Hickman*, 183 U.S. 53, 59 (1901). Having concluded that this approach is most appropriate, the analysis is straightforward.

11

Despite the Defendant's attempt to distinguish the case, the Court finds that *W. Virginia ex rel. McGraw v. Minnesota Mining & Mfg. Co.*, is both similar and illustrative. 354 F. Supp. 2d at 665.  Defendants argue that *McGraw* is distinct because in that case there was a West Virginia statute that explicitly stated that "the state treasurer was the custodian of the workers' compensation fund" and that moneys payable to that fund "shall be deposited in the state treasury." *Id.* at 665 (quoting W. Va. Code 23-3-2).  In this case there is no statutory provision that directs the funds to the state treasury because, if a private party was instituting the suit (as opposed to the State), the monies would not go to the state treasury.  As the statute has been applied historically, the person normally compensated would be a private citizen.  The lack of a statute explicitly directing the money to the state treasury does not change the fact, however, that any money recovered in this suit will go to the state treasury.

The "Commonwealth brings this claim in its own right and on behalf of its citizens" and asserts that the "Defendants are liable to the Commonwealth."  [R. 1-4, *Third Amended Complaint*.]  In their first brief filed to this Court, the Commonwealth represents that a similar past recovery of $15,000,000 was paid to the state treasury and that "[a]ll future recoveries [in this case] will likewise go to the Commonwealth's Treasury."  [R. 7-1 at 1.]  "Secretary Brown has no personal interest in this Action" and will "receive[] no personal benefit and no part of any recovery."  [*Id.* at 2.]  As in *McGraw,* 354 F. Supp. 2d at 665, the state seeks, whether authorized or not, compensation for the violation of a state statute.  If the money is recovered then it will go to the Commonwealth's treasury.  As in *Mcraw*, "[i]nasmuch as the state is an

12

undeniable, and substantial, stakeholder in this litigation, it and not [J. Michael Brown],

qualifies as a real party in interest." *Id.*

C

The Court understands the Defendants' desire to have this Federal Court weigh in

on whether KRS 372.040 affords the Commonwealth the right to bring this case.  If it did

consider the case on the merits, the Court would have to struggle with what appear to be

two inconsistent holdings on the issue.  Judge Swinford's opinion in *Salonen v. Farley*,

82 F. Supp. 25, 27 (E.D. Ky. 1949) appears to be incongruent with the Franklin Circuit

Court's order ruling on the Defendant's Motion to Dismiss for lack of standing.  In

*Salonen,* Judge Swinford concluded that KRS 372.040 "creates a right of action in a

private person and provides for a recovery of treble amount of recovery lost to the

defendant in a gambling transaction."  *Id*. at 27.  Earlier in the life of this case, Judge

Wingate found that:

> KRS 372.040 states that if a "loser" fails to bring a claim against a "winner" in a
> gamboling [*sic*] transaction within six (6) months, "any other person" may sue
> and recover.  While this statute is generally used to protect a gambler's family
> from becoming destitute, the broad language of KRS 372.040 fails to strictly limit
> recovery to such persons.  Because the legislative intent is unclear and no
> definition of "person" is provided in the statute, **the Commonwealth could prove
> a set of facts under which it could recover**.

*Commonwealth v. Pocket Kings LTD, et. al*., Civil Action No. 10-CI-00505, *Opinion and

Order Denying Motion to Dismiss* (November 2, 2011) (emphasis added).  Because it is

this Court's opinion that Federal Jurisdiction is lacking, the Court voices no opinion as to

which interpretation is correct but only notes that tension exists between the two opinions

on the issue of whether KRS 372.040 creates a cause of action that may be utilized by the

Commonwealth.  To this end, the Court emphasizes that today's decision to remand does

13

not prevent the Defendants from continuing to address the related issue of standing in the state courts.  *See State of W.Va. v. Morgan Stanley & Co. Inc.*, 747 F. Supp. 332, 340 (S.D.W. Va. 1990) (Where Court resolved real-party-in-interest dispute for purposes of determining jurisdiction but saved standing issues for state court to resolve after remand.); *see also People of Illinois v. LiveDeal, Inc.*, 2009 WL 383434, at *FN1 (C.D. Ill. Feb. 12, 2009) (same).

### III

Federal courts are courts of limited jurisdiction, and any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court.  *Shamrock Oil & Gas Corp.,* 313 U.S. at 108–109; *Cole,* 728 F.Supp. at 1307 (citations omitted).  A removing defendant "has the burden of proving the diversity requirements' by a preponderance of the evidence," *Everett,* 460 F.3d at 829.  Because the Defendants have not met this burden, the case must be remanded.

Accordingly, it is hereby **ORDERED** that the Commonwealth's Motion to Remand [R. 7] is **GRANTED**, all remaining pending motions are **DENIED** as **MOOT**, the case will be **REMANDED** to the Franklin Circuit Court from which it was removed and this matter is **STRICKEN** from the Court's active docket.

This 31st day of March, 2015.



**Signed By:**

*Gregory F. Van Tatenhove*

**United States District Judge**

14